<h3 style="text-align:center">LUTHY v. REGAN.</h3>

(<em>Supreme Court, General Term, First Department.</em> November 13, 1891.)

1. LANDLORD AND TENANT—ACTION FOR DAMAGES TO PREMISES—RIGHT TO RECOVER.
    In an action by a landlord to recover damages for injuries to demised premises done by the tenant, plaintiff testified that he was the owner of the premises, but defendant discovered after trial that plaintiff's wife was the owner of the property, though plaintiff was in possession and received the rents thereof, the wife making no claim thereto. *Held* insufficient ground for new trial, the relation of the parties as landlord and tenant not being changed thereby.

2. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—DUE DILLIGENCE.
    In such case, the wife's title appearing of record, defendant, with due diligence, might have informed himself as to the real ownership of the property before trial, and, having failed so to do, is not entitled to a new trial on the ground of newly discovered evidence.

Appeal from special term, New York county. Affirmed.

Action by Adolph Luthy against James Regan. From a judgment dismissing the complaint, plaintiff appeals.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*William King Hall,* for appellant. *Earley & Prendergast,* for respondent.

VAN BRUNT, P. J. The plaintiff was a tenant of the defendant of certain premises in the city of New York from year to year until the 1st of May, 1890. In May, 1890, the defendant sued the plaintiff in the ninth district court to recover damages which had been sustained by the premises occupied by the plaintiff during his tenancy. The pleadings were oral. The complaint was for damages to the respondent's house while in the possession and occupation of the appellant. The answer was a general denial, and the case was tried before a jury, and resulted in a verdict in favor of the respondent. From this judgment the appellant appealed to the general term of the court of common pleas. 11 N. Y. Supp. 709. Subsequently the appellant brought this action for the purpose of having the district court judgment vacated, and for damages, upon the ground of newly-discovered evidence. It appeared that upon the trial of this action, in response to a question of his counsel whether he was the owner of the premises, the respondent answered, "Yes;" whereas on the 28th of January, 1890, by deed duly recorded, he had conveyed the premises to his wife. This fact, which the appellant ascertained since the trial, is the ground upon which he claims to succeed in the action in this court. It appeared that no change in the possession occurred at or after the time of the delivery of the deed, the respondent continuing in possession and collecting the rents as before. Upon this state of facts the court below held that the action was not maintainable, and from the judgment thereupon

entered this appeal is taken. It seems to us there was no error in the disposition of the case by the court below. No matter where the legal title to the premises in question might be, the defendant was in possession of the premises, acting as landlord, and receiving the rents, the wife making no claim whatever thereto. The respondent, therefore, continued to be the lessor of the appellant, and the relation between them was in no respect changed. If, however, the question as to the person in whom the legal title was vested had been material in the district court action, it was one of the issues involved in that action, and the appellant was bound to use due diligence in ascertaining whether or not the respondent was the owner of those premises. The deed from the respondent to his wife was upon record, and, if ordinary diligence had been used for the purpose of ascertaining where the legal title was, it might easily have been ascertained. But it is extremely doubtful whether that was a question of any importance in the district court case, in view of the relations of the parties, and of the fact that the respondent was in possession, and exercising acts of ownership, presumably with the knowledge and assent of the wife. The judgment should be affirmed, with costs.

---

PEOPLE *ex rel.* GOODWIN *v.* MACLEAN *et al.*, Police Commissioners.

(*Supreme Court, General Term, First Department.* November 13, 1891.)

1. POLICEMEN—EFFECT OF RESIGNATION—DISAFFIRMANCE.
    Though the resignation of a policeman be voidable at his election, because enforced by the duress of his superior officer, yet if, instead of electing to disaffirm the same before acted upon by the commissioners, he allows the resignation to be presented to the commissioners, it is their duty to refuse or accept the same, and, being accepted by them, the policeman cannot, by afterwards disaffirming such resignation, entitle himself to be reinstated as a member of the force.

2. SAME—MANDAMUS—REVIEWING ACTION OF COMMISSIONERS.
    *Mandamus* will not lie to review the action of the police commissioners of New York city in refusing to rescind their acceptance of the resignation of a police officer, and to reinstate him on the police force.

Appeal from special term, New York county. Reversed.

Application by John W. Goodwin for peremptory *mandamus* to Charles F. MacLean and others, police commissioners of the city of New York, to compel them to reinstate applicant in his position as a member of the police force. From an order granting the writ defendants appeal.

Argued before VAN BRUNT, P. J., and DANIELS and INGRAHAM, JJ.

*William H. Clark,* Corp. Counsel, (*Edward H. Hawke, Jr.,* and *Charles O'Neil,* of counsel,) for appellants. *Louis J. Grant,* for respondent.

INGRAHAM, J. The case of the respondent presented in these proceedings is one that appeals strongly to the sympathy of the court, and would induce us to grant him the relief asked for and affirm the order if we could do so without violating established legal principles, the jury having found upon the trial of the issue raised by the return to the alternative writ that the respondent was on the 13th day of August, 1889, a member of the police force of the city of New York; that he did on that day tender to the police commissioners his resignation from the force, and that on the 14th day of August, 1889, the police commissioners accepted such resignation at a meeting of the board; that such resignation was not obtained by any coercion, fear, duress, or force used and brought to bear upon him by the police commissioners, but was obtained from the respondent by coercion, force, fear, and duress used and brought to bear upon him by his superior officer, Richard F. Magan, a sergeant of police. The facts alleged in the alternative writ, admitted by the return, and as found by the verdict of the jury, must determine the right of the respondent to the relief which was granted by the court below. The sergeant who obtained the resignation was not acting under the order of the appellants, but was the respondent's superior officer, and it cannot be said that the