(9 Misc. Rep. 326.)

## COHN v. HILL et al.

(City Court of Albany. June, 1894.)

LIABILITY OF TENANT FOR REPAIRS.
 Under a covenant to "make all necessary repairs," a tenant is liable for the breaking of a plate glass of the building, though it was broken without his fault.

Action by Mark Cohn against James Hill and another. Judgment for plaintiff.

Mark Cohn, in pro. per.
Frank Kampfer, for defendants.

ADDINGTON, J. This action was brought by plaintiff against defendants to recover damages for breach of certain covenants contained in a lease of property situated in the city of Albany. The facts are undisputed. The premises in question were leased by plaintiff to defendants, the term to commence November 1, 1887, and to terminate May 1, 1894. The defendants quit and surrendered the premises May 1, 1894. In the front of the first floor of the premises were two large plates of glass. When the defendants took possession the glass was whole, and in good repair. When the premises were surrendered, at the termination of the lease, the one glass, 113½ inches in length and 48 inches wide, was cracked from the center to the bottom, and extended up through the center, and to one side of the glass, almost to the top. The glass was first cracked by a stranger placing a plumber's kit about 18 inches from the glass on the outside. It first cracked from 3 to 4 inches. Then it gradually elongated. Whether the elongation was caused by the wind, the weather, or wagons passing, or what was the cause, cannot be said. These are substantially the undisputed facts. The question is therefore one of law,—as to whether defendants are liable, under the lease, to replace the glass. The lease contains two covenants, to be considered: First, the usual printed covenant, as follows:

"And to quit and surrender the premises, at the expiration of said term, in as good state and condition as they were in at the commencement of the term, reasonable use and wear thereof, and damages by the elements, excepted."

And, second, the following covenant in writing:

"The parties of the second part hereby agree to make all necessary repairs to said premises during their term, and to be jointly and severally liable for the performance and covenants of this lease."

The defendants are liable for damages for repairing said glass under each of said covenants, but more particularly under the covenant to "make necessary repairs." Under a covenant to repair, "the lessee's liability is not confined to cases of ordinary and gradual decay, but extends to accidental injuries." Kling v. Dress, 5 Rob. (N. Y.) 525. There can be no question as to the liability of defendants in this case to repair under the covenant secondly above quoted. The cracked glass was a necessary repair. The building is a prominent one, located on one of the main thoroughfares of the city of Albany. The broken glass was more than ordinary in size, and it seems that one of the first and natural things which the owner of the premises would be requested to do, and one of the first requests which would be made on again leasing the premises, would be to repair the glass, which request it would be unreasonable for him to refuse. This is certainly a necessary repair, under the covenant to

repair, considering the location of the premises, and the size and use of the glass.    See Pyot v. Lady St. John, Cro. Jac. 329, which is a parallel case.

It was argued by counsel for defendants that the crack in the glass was not caused by defendants, or either of them, and that it was not broken by any act or omission of defendants, or either of them, nor were they, or their agents or employés, guilty of any negligence, and therefore they are not liable.    It is true that the injury to the glass did not occur through any fault of defendants or their employés, but they entered into an agreement, under their hands and seals, to do all necessary repairs, and they are therefore absolutely responsible for an omission to make all necessary repairs to said premises under such a covenant, no matter what causes the injury to the property making such repairs necessary, aside from any fraud of the lessors.    In an action to recover for rent and repairs, it was argued on behalf of defendants that the premises became untenantable because of the settling of the rear wall of the premises, owing to original defective construction of the foundation, and that defendant had therefore abandoned them, and, further, that he was not liable under the statute (chapter 345, Laws 1860).    It was held that the covenant to make necessary repairs was absolute, and, as no fraud was shown on the part of the landlord, "the defendant was bound to make the repairs, irrespective of the cause of the defect."    Lockrow v. Horgan, 58 N. Y. 635.    See, also, Suydam v. Jackson, 54 N. Y. 450; Platt, Cov. 266; Beach v. Crain, 2 N. Y. 86.    It is no doubt a hardship that one should be liable for damages done to property which he leases, which were occasioned through no fault of his. But the defendants are bound by their contract, in which they expressly stipulated to repair, and, as was said by Lord Kenyon:

"When the law creates a duty, and the party is disabled to perform it, without any default in him, and he has no remedy over, the law will excuse him.    But when the party, by his own contract, creates a duty or charge upon himself, he is bound to make it good, if he may, notwithstanding any accident by inevitable necessity, because he might have provided against it by his contract."

See, also, McAdam, Landl. & Ten. 446, to the same effect.

The plaintiff is entitled to judgment.    Ordered accordingly.