### MYERS v. HUSSENBUTH.

(Supreme Court, Appellate Term. July 20, 1900.)

LANDLORD AND TENANT—PAROL LEASE—WASTE—IMPLIED COVENANT—ACCIDENTAL INJURIES.

The implied covenant to surrender premises in as good condition as when received, reasonable wear and tear and damages by the elements excepted, extends to accidental injuries, and a landlord may recover against a tenant under a parol lease for accidental injuries to the premises by third persons.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action for damages by Frederick H. Myers against Charles Hussenbuth. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

A. W. Birkins, for appellant.
Salter & Steinkamp, for respondent.

PER CURIAM. There is an implied covenant in every hiring that the tenant will surrender the premises at the end of the term in as good condition as they were in at the commencement of the term, reasonable wear and tear and damages by the elements excepted. This obligation is not confined to cases of ordinary and gradual decay, but extends to accidental injuries. Hawkins v. George Ringler & Co., 47 App. Div. 264, 62 N. Y. Supp. 56; Cohn v. Hill, 9 Misc. Rep. 327, 30 N. Y. Supp. 209; Kling v. Dress, 28 N. Y. Super. Ct. 525. It is true that in the cases above cited the lease was in writing, and contained an express covenant on the part of the defendant to surrender the premises at the termination of the lease in as good condition as when leased, reasonable wear and tear excepted, and also to make all necessary repairs during the term; but an implied covenant is of as much binding force and effect as an express covenant. This action is, in effect, an action for waste. In such actions it is well settled that the defendant is liable for waste, although the waste was not committed by him, but by strangers or other persons over whom he

had no control. Regan v. Luthy (Com. Pl.) 11 N. Y. Supp. 709; 28 Am. & Eng. Enc. Law, p. 888.

The judgment is reversed, and a new trial ordered in the municipal court, borough of Manhattan, Eleventh judicial district, with costs to appellant to abide the event.