Philander L. Smith *v.* Jefferson D. Forbes.

[42 South. Rep., 382.]

Trespasses.　*Cutting trees.　Code 1892, § 4412.　Defenses.　Statutory penalty.　Mortgagor and mortgagee.*

　A defendant who cut trees on the land of another, without the consent of the owner, cannot escape liability for the statutory penalty under Code 1892, § 4412, providing a penalty in such case:

　(*a*) Because he sold the land on credit to the plaintiff and secured the purchase money by taking a mortgage thereon, which was not paid, and "did not feel" that he had ceased to be the owner of the land; nor

　(*b*) Because he misconstrued a statute of the state (Code 1892, § 2449) touching the rights of mortgagors and mortgagees.

From the circuit court of Prentiss county.

Hon. William D. Anderson, Special Judge.

Smith, the appellant, was plaintiff in the court below, and Forbes, the appellee, was defendant there.　From a judgment in favor of defendant the plaintiff appealed to the supreme court.

The suit was a demand for the statutory penalty under Code 1982, § 4412, for cutting trees.　The defendant admitted cutting the trees, but, setting up a mortgage on the land from which they were cut, to secure the purchase money for which he had sold it, claimed that, under Code 1892, § 2449, providing that before sale under mortgage or trust-deed, the mortgagor or grantor shall be deemed the owner of the legal title except as

against the mortgagee, plaintiff could not assert title to the property as against him. The opinion of the court states the additional facts.

*E. C. Sharp,* for appellant.

The appellant, Smith, in July, 1905, purchased from the appellee, Forbes, the land from which the timber was cut, and executed to Forbes, in consideration therefor, his six promissory notes, aggregating the purchase price. On the same day Smith executed a trust-deed on the land in Forbes' favor to secure the payment of the notes mentioned. Forbes was to remain . in possession of the land until November 15, 1905, according to Smith's testimony; or until January 1, 1906, according to Forbes' testimony. Immediately after the sale of the land to Smith, Forbes began to cut timber from it. Forbes says he cut it for firewood, and that he hauled it to Rienzi, Mississippi; he admits that he cut the timber without the knowledge or consent of Smith. The cutting was certainly without due care and caution on the part of Forbes, and was willful. While he admits that he cut the timber without knowledge or consent of Smith, Forbes' only excuses for his actions are that he sold to Smith "on time," and that as he had frequently sold land on time without cash consideration before this, and had to take the land back when the time of payment arrived and payment was not made, he presumed such would be the case with Smith. He says he "thought" he had a right to cut timber on the land as long as he remained on or near it, "as it had not been paid for." In justification of his cutting he states that he did not believe Smith would ever pay for the land, and he accordingly didn't feel as though he had actually sold it, although he had conveyed it to Smith by warranty deed, and before possibility of default in payment of the notes.

If the excuses put up by Forbes will justify trespasses of this kind, a man who is unable to pay cash for land cannot

safely purchase real estate. The vendor holding notes for the purchase money of land may, according to appellee's logic, cut from it such timber as he sees fit, remove the same without accounting therefor to the owner, and then excuse his actions and escape a just penalty by showing that while he cut the timber, yet he was living on or near the land from which he cut it, and the owner, to whom he had just sold, had not paid for the land in cash, he had a legal right to cut the timber, for he did not feel that the sale was real or that the vendee would pay the purchase price.

We emphasize the fact that Forbes sold the land to Smith under general warranty deed, and Smith had not made default in any of the deferred payments or in any way breached the conditions of sale when the trees were cut.

This case is different from *Therrell* v. *Ellis,* 83 Miss., 494, referred to by counsel for appellee, for in that case the ownership of plaintiff to the land was not established by proof, nor was there any agency shown. There was no certainty that the defendant, Ellis, cut the timber on Therrell's land. Moreover, it was shown that the defendant, Ellis, had taken every possible precaution to prevent the commission of a trespass, and he denied that he cut any of the trees on Therrell's land. But here Forbes well knew the boundaries of the property he conveyed to Smith; and with full knowledge of his own deed cut the timber, without inquiry to ascertain his own or Smith's rights in the premises.

A trespasser cannot escape liability on the plea that he didn't know plaintiff was the owner; he must have been reasonably diligent to ascertain. *Mhoon* v. *Greenfield,* 52 Miss., 434. By his warranty deed, Forbes has estopped himself from asserting title adverse to Smith. The court accordingly erred in not granting peremptory instruction in plaintiff's favor; for defendant in his testimony admitted the facts of which the peremptory instruction should have been predicated. It is contended by counsel for appellee that, however other things may be, appellee

had a right to use such timber as might be necessary for his use as long as he remained in possession of the land; and that he had a right to remain in possession until January, 1906.   Appellee, himself, however, says that he was to give up possession on November 1, 1905, if possible.   But we say that even if appellee did have right to possession until January, 1906, he forfeited his rights, if any, to cut timber, when he removed from the premises.   Had he remained thereon until January he would possibly have had such right to use timber necessary to his purposes, but his removing therefrom ended such right.   When Forbes left the land, he removed enough timber therefrom to furnish him in his new habitation with sufficient fire-wood for the whole winter.   *Keirn* v. *Warfield,* 60 Miss., 799, governs this case.   In fact, this case is stronger than the *Keirn-case,* for no conflict in testimony exists here as existed there.

It is immaterial what size of trees, if trees, were cut.   Our suit is for statutory penalty; and Forbes was liable as a result of his cutting the trees, even though they may have been practically worthless.   *Clay* v. *Telegraph Co.,* 70 Miss., 406.

*George H. Strange,* for appellee.

The circuit court properly refused to grant a peremptory instruction to the jury in favor of plaintiff.   The case of *Therrell* v. *Ellis,* 83 Miss., 494, holds that proof must be shown in a case like this, that the cutting was willfully, intentionally, and knowingly done, and without due care to prevent trespass.   The suit instituted by Smith, the plaintiff, was merely for statutory penalty, which, under *Mhoon* v. *Greenfield,* 52 Miss., 437, is a matter of "strict right," the court stating in that case that the statute was highly penal, and to be construed strictly.   Under the instructions granted in this present case before the court, the defendant was found by the jury not to be guilty of willful or reckless wrongdoing, which, of itself, was a thing for the jury to pass upon.

A peremptory instruction to the jury should not be given in favor of a party when the evidence is sufficient to warrant a verdict for the opposite party under any view of the matter which may legally arise. *Railroad Co.* v. *Boehms,* 70 Miss., 11. "That the judges of this court would have found the facts otherwise, is not decisive of the propriety of disturbing the verdict of a jury, found without any error of court." *Holmes* v. *Simon,* 71 Miss., 246.

Appellant, Smith, did not have possession of the land, and did not have a complete and perfect title thereto. When he received from Forbes a deed to the land, he in turn executed immediately his trust deed on the land in Forbes' favor, to secure the unpaid purchase money mentioned in his deed. He had made Forbes no payment. His title was a defeasible title, and he was not the owner of a legal title as against the mortgagee. Code 1892, § 2449, distinctly recites that before sale under mortgage or deed of trust, the mortgageor or grantor shall be deemed the owner of the legal title to the property conveyed under such instrument, except as against the mortgagee and his assigns. The case of *Buckley* v. *Daley,* 45 Miss., 338, shows clearly that this exception in favor of the mortgagee as against the mortgagor, applies before sale under the mortgage and before breach of condition, and not after. It is plain that by the above section of the code the mortgagor is deemed the owner of the legal title to the property mortgaged, before sale, in all cases where the title comes into controversy, except as against the trustee after breach of condition in the trust deed, or as against the mortgagee after breach.

If any peremptory instruction to the jury should have been given, it should have been in favor of appellee, not appellant. The appellee, Forbes, had possession of the land, and under the evidence had an estate or interest therein until at least November 15, 1905; and he therefore had a right to use the place and the timber thereon until that time. Could he not, under the circumstances, having color of title, have maintained action of trespass

against a stranger? Could he not himself have maintained similar action to this against a stranger cutting timber on the land within the time he was to hold it? The rule of law is that before a case of this kind can be maintained, the party plaintiff must have either title to the land or possession under color of title. 18 How. (U. S.), 50; 70 Ga., 809.

The case should be affirmed.

Calhoon, J., delivered the opinion of the court.

Smith's declaration was in trespass for cutting and appropriating trees, claiming the statutory penalty only. The defense set up was that Smith was not in possession of the land at the time of, and for some time after, the alleged trespass, and was not the legal or equitable owner in fee. The defense further shows that Forbes had executed a conveyance of the land to Smith and at the same time had taken a trust conveyance from Smith to secure the purchase price of $3,000 in six annual payments, providing that default as to any one of them should make all due, and in such case Smith should pay rent; that Forbes had the two deeds recorded, and paid for recording both, and that this was the only delivery ever made of either; that, when these deeds were made, Forbes was occupying the land,, "and was to continue in occupancy thereof until his crop was gathered, or until the end of the year 1905, if necessary, or if he should so desire." However, no such reservation of right to occupy appears in the deed itself. This deed is dated July 1, 1905, and the testimony shows that the alleged trespasses commenced subsequently, and in August of that year, and that seventy-eight trees were cut, converted into wood, and hauled to town by Forbes through his employes. The deed shows that payments were not to begin until November 15, 1906. Smith did not take actual possession of the land until November, 1905, and paid no part of the purchase money when the deeds were executed, but has made no default in payment under the terms of the deed. There was an oral understanding, as Smith testified, that Forbes should retain

possession until November 15, 1905; Forbes says until January 1, 1906.

Forbes testified that he "felt he had the right to cut until he moved to town, and that he cut and hauled only firewood for the new home he was to move to." The testimony of Forbes himself shows his liability. To hold otherwise would be a judicial repeal of section 4412 of the annotated code of 1892. He knowingly cut the trees from the land of Smith, to whom he himself had conveyed it. He cannot be heard to say that he "thought," or "felt," he had the right to cut. No case in our books warrants this. Neither can he be shielded by his misconception of section 2449, annotated code of 1892, that Smith, the grantor in the trust deed, cannot sue him, the beneficiary, in the trust deed. Under that section the mortgageor is the owner against the world, and is the owner as well against the beneficiary and the trustee before condition broken.

*Reversed and remanded.*