RIMOLDI v. HUDSON GUILD.

(Supreme Court, Appellate Term.  June 3, 1908.)

LANDLORD AND TENANT—WASTE—VOLUNTARY WASTE—LIABILITY OF LESSEE—
ACTS OF STRANGER.

Removal by a stranger of things fixed to the freehold without knowledge of the lessee does not render the latter liable for voluntary waste.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 141.]

Giegerich, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Pauline Rimoldi against the Hudson Guild.  From a judgment for plaintiff, defendant appeals.  Modified, and affirmed as modified.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Liebman, Naumberg & Tanzer (Walter H. Liebman, of counsel), for appellant.

William Steele Grey (James E. Duross, of counsel), for respondent.

GREENBAUM, J.  Regan v. Luthy, 16 Daly, 413, 11 N. Y. Supp. 709, undoubtedly holds that the removal by a stranger of things fixed to the freehold without the knowledge of the lessee renders the latter liable for voluntary waste.  This view, however, seems to be inharmonious with that adopted in the later case of Beekman v. Van Dolsen, 63 Hun, 487, 18 N. Y. Supp. 376.  In that case a third party destroyed a portion of the demised premises, and the court held that unless the destruction was due to the "neglect, omission, sufferance, or permission of the tenant" an action for waste would not lie. · Indeed, the court in that case assumes that the act of a third party in such a case, which is not brought about by the tortious act of the tenant, but at most through his negligence, may only be regarded as permissive or voluntary waste.  If the rule laid down in the Regan Case, supra, were sound, the tenant would be liable in a case of waste by a trespasser, no matter how careful the tenant may have been in guarding the premises or in preventing the wrongful acts.  This would be so even if marauders, whom the tenant unsuccessfully attempted to repel, caused the destruction.

The rule recognized in the later case is binding upon us and seems to us more reasonable.  It is even doubted whether the action for permissive waste lies in this state.  Beekman v. Van Dolsen, 63 Hun, 490, 18 N. Y. Supp. 376.  But it can scarcely be believed that the tenant was to be mulcted in treble damages in a case where he was not guilty of any conscious or voluntary act of waste, and where the most that may be said is that he was guilty of negligence.  The course pursued in the case of Danziger v. Silberthau (Super. N. Y.) 18 N. Y. Supp. 350, would in our opinion be appropriate here.  The tenant would in any event be liable, under the covenant of the lease to deliver up the premises in good order, to respond for the damages established,

and the judgment will be modified by reducing it to the actual amount of damage found by the trial justice, to·wit, the sum of $59.50, and costs below.

The judgment will be modified accordingly, and, as modified, affirmed, without costs in this court.

GILDERSLEEVE, P. J., concurs.

GIEGERICH, J. (dissenting). Regan v. Luthy, 16 Daly, 413, 11 N. Y. Supp. 709, decided in 1890, which is treated in the prevailing opinion as superseded by the authority of Beekman v. Van Dolsen, 63 Hun, 487, 18 N. Y. Supp. 376, decided in 1892, was explicitly approved and followed by this court in Myers v. Hussenbuth, 32 Misc. Rep. 717, 65 N. Y. Supp. 1026, decided in 1900. Under such circumstances I think we should adhere to the rule of the Regan Case, as reaffirmed in the Myers Case, and therefore vote for an affirmance of the judgment without any modification.