FOULKE, Respondent, v. SUURMEYER, et al, Appellants.

(266 N. W. 151.)

(File No. 7825. Opinion filed April 2, 1936.)

*Walter Conway*, Atty. Gen., and *T. E. Eastman*, Asst. Atty. Gen., for Appellant.

*C. G. Aaberg*, of Brookings (*Olaf Eidem*, of Brookings, of counsel), for Respondent.

WARREN, J. In April, 1933, the plaintiff entered into a contract with the defendant, the rural credit board, for the purchase of certain real property owned by the said defendant rural credit board, and delivered to said defendant $100 to bind the negotiation for the purchase of a certain quarter section of land located in Brookings County, S. D. There were a quantity of trees on said premises, some of which were later cut and severed by one Ben G. Suurmeyer, who was in possesion of the premises as a tenant of the rural credit board. On the 20th of June, 1933, the rural credit board delivered to the plaintiff a warranty deed to said premises.

It would appear that a large number of trees standing on said premises were severed, cut, or destroyed by Suurmeyer or his servants the day before the conveyance, to wit, June 19, 1933. It is claimed that 133 trees were cut. The plaintiff claimed $300 damages to the premises by reason of the severing, cutting, and removing of the trees from the premises. The action was tried to a jury. At the completion of the plaintiff's evidence, the court directed a verdict for the defendant Ben G. Suurmeyer, the tenant upon the premises. The jury returned a verdict in the sum of $300 for the plaintiff against the defendant rural credit board. The defendant rural credit board has appealed from the judgment and order denying a motion for a new trial.

At the outset, the appellant rural credit board contends that the land purchased by the respondent belonged to the state of South Dakota and not to the appellant rural credit board; and that the severance of the trees was done by a tenant of the state of South Dakota and not of the defendant board, and therefore there

can be no cause of action against the appellant; and that the entire system and plan of rural credits is a sovereign state venture; and that the present form of action in damages cannot be maintained against the corporation designated as the state rural credit board.

In the case of Fransen v. State et al., 59 S. D. 432, 240 N. W. 503, 506, we had occasion to consider certain sections of our laws relating to the existence, powers, duties, and functions of the rural credit board, and the operation of the rural credit system, which will assist in the disposal of the instant case. In that case, this court decided a matter relating to mortgage foreclosure, authorized by chapter 187, Laws 1927, in which we held that action was a matter "arising under" that chapter, and we said: "By that provision as to matters so arising, we think the state must be held to have waived its sovereign immunity and consented to a determination of its rights and liabilities in the same manner and by the same forums 'as a private individual.' We are therefore of the opinion that plaintiff could and should have instituted this action against the state of South Dakota as defendant in the circuit court, rather than seeking to proceed originally in this court."

The rural credit board created by statute must, for the purpose of exercising powers and duties of matters connected with the foreclosure of mortgages and the sale of property, be considered as a part of the state, and as such can sue and be sued as a private individual, in relation to such matters.

Prior to the effective date of chapter 167, Laws 1933, it seems plain to us that respondent should have named the state of South Dakota as party defendant as was done in the Fransen Case, supra. By that statute, however, the rural credit board was declared to be a public corporation. It would therefore seem that a suit against such public corporation is, in fact and in essence, a suit against the state. It seems to us therefore, since the creation of such public corporation by the 1933 law, that a plaintiff who desires to sue the state of South Dakota with reference to a matter arising from its rural credit operations can either make the state of South Dakota itself the defendant, or can equally well make its established instrumentality, the South Dakota rural credit board, the nominal defendant. It does not seem to be a matter of any particular importance which way the suit is brought. He has, in substance, in either case, a suit against the state which the law permits.

The appellant was in possession of the premises and it is clear that it failed while in possession to preserve the trees. This, in our judgment, would constitute permissive waste, the essence of which is negligence. In Beekman et al v. Van Dolsen, 63 Hun. 487, 18 N. Y. S. 376, 377, we find that permissive waste implies negligence "which may consist either of acquiescence or assent in the acts of strangers, or failure to prevent such acts, or to do that which is incumbent upon the party in possession, as matter of good husbandry."

The case of Clarke v. Ramuz (1891) 2 Q. B. 456, seems to be on all fours with the case at bar. In that case, an employee of the vendor removed a large amount of top soil from the land in question during the time between the execution of the contract for sale and the actual execution of the conveyance. Neither the vendor nor the purchaser knew of this act on the part of the employee. The vendor contends that as long as he had no knowledge of such act, he could not be guilty of negligence, but the English court held that for some purposes, the vendor, after the execution of a contract for sale, is to be considered as a trustee, holding the property for the purchaser. In the present case, as in the English case, neither party knew of the acts of the tenant, and on the strength of the law as stated by the English court, the defendant rural credit board should be considered negligent in not preserving the property intact during the interval between the execution of the contract for sale and the execution of the conveyance. See Smith v. Forbes, 89 Miss 141, 42 So. 382.

Appellant has assigned as error the rulings on the admission of certain evidence relating to the value of the trees that were cut, severed, and removed from the premises. It would seem that this evidence was not prejudicial, as the trial judge gave proper instructions to the jury clarifying what evidence should be considered in making up the proper measure of damages. It may be further noted that at the time this evidence was admitted, it undoubtedly was competent as against the tenant Suurmeyer. It would further seem that the appellant considered it as harmless as it made no motion to strike such evidence after the court had directed a verdict for the defendant Suurmeyer. As we review the record, we see no prejudicial error upon the court's rulings on the admis-

sion of evidence. We feel that the instructions properly stated the law to be applied to the facts in the case before it, and that the court did not err in giving the instruction excepted to by the appellant.

Finding no prejudicial errors in the record, judgment and order appealed from are affirmed.

POLLEY, P. J., concurs.

CAMPBELL, J., concurs in result.

ROBERTS and RUDOLPH, JJ., dissent.

RUDOLPH, J. (dissenting): Even conceding, as stated in the majority opinion, that a suit against the South Dakota rural credit board, a public corporation, is in fact and in essence a suit against the state, and that in this action it would be proper to make either the state of South Dakota or the South Dakota rural credit board the named defendant, nevertheless, I think the case ought to be reversed.

The action was brought, tried, and submitted upon the theory that it was an action to recover damages to the real estate because of the severance of certain trees therefrom. The evidence discloses that the only trees that were cut were dead trees, and that these trees were on the premises at the time the deed conveying the premises to the plaintiff was executed and delivered, and at the time the plaintiff took possession. It appears, therefore, that the plaintiff got everything that he bargained for, except that these 130 dead trees were cut instead of standing. It seems to me that the only element of damage which could be proven in the case was the damage sustained by the plaintiff because of the fact that he received the premises with the trees cut rather than standing. However, the court permitted, over the objection of the defendant, evidence of the value of the trees as such, separate and apart of any damage that had been done to the real estate by virtue of their being cut. I think this was error and prejudicial to the defendant.

ROBERTS, J. I concur in the above dissent.