Cooke, J.
(dissenting). I dissent and vote to affirm the order of the Appellate Division.
The stipulated facts demonstrate that between March 1, 1974 and March 21, 1974, appellant tenant installed in the apartment a wooden closet in the wall, a new ceiling light fixture and wooden molding around a window. He also replaced the ceiling, but used three-eighths inch sheetrock in violation of the fire code which proscribed the use of sheetrock less than five eighths of an inch thick. It is conceded that the tenant did not seek nor obtain the permission of the landlord in making the alterations. The issue, simply put, is whether these alterations constituted a willful violation of an obligation of the tenancy causing serious and substantial injury to the landlord (New York City Rent, Eviction and Rehabilitation Regulations, § 52, subd a).
An owner of leased property is entitled to have the property kept in a condition similar to which existed when the lease *182 hold commenced, without material change in structure, form and character (Agate v Lowenbein, 57 NY 604; 63 NY Jur, Waste, § 8, p 115). Likewise, a tenant may make reasonable repairs to the property, in the absence of alterations which materially injure or change the nature and character of the premises or structure such as to constitute waste (Lyon v Bethlehem Eng. Corp., 253 NY 111; Bovin v Galitzka, 250 NY 228; Andrews v Day Button Co., 132 NY 348, 353). Voluntary waste consists of injury to the property, occasioned by some deliberate or voluntary act such as "the removal of wainscots, floors, benches, furnaces, windows, doors, shelves, or other things fixed to and constituting a material part of the freehold” (Regan v Luthy, 16 Daly 413, 415; see, also, Rogers v Atlantic, Gulf & Pacific Co., 213 NY 246, 250; Rasch, New York Landlord and Tenant, § 450, pp 574-575). Applying these rules, in the absence of an agreement to the contrary, it is obvious that the removal of the ceiling and its reconstruction with sheetrock of insufficient thickness to satisfy the fire code constituted waste and, therefore, that the tenant breached an obligation of the tenancy. Equally clear is the fact that the actions of the tenant in making the alterations were the result of willful conduct, that is "intentional and deliberate” (Matter of Old Republic Life Ins. Co. v Thacher, 12 NY2d 48, 56). The only question remaining is whether the waste inflicted "substantial injury” upon the landlord. Alterations of a ceiling that leave the apartment in violation of the fire code could prohibit the landlord from leasing the apartment unless he bears the expense of installing an entirely new one. Resolution of whether this amounted to substantial injury raised a question of fact within the province of the trial court. The finding in favor of the landlord, having been affirmed on appeal, is beyond our power to review in the absence of legal error (Plaza Hotel Assoc. v Wellington Assoc., 37 NY2d 273; Ginsberg v Yeshiva of Far Rockaway, 36 NY2d 706). We observe no error of such gravity and, consequently, the order of the Appellate Division must, of necessity, be affirmed.
If the repairs were needed, the tenant had a statutory remedy at his disposal which he failed to pursue (Real Property Actions and Proceedings Law, § 803). Instead, the decision to initiate material alterations was done unilaterally and without security. The majority view that until a citation has been issued by the city no violation has been proven is similar to concluding, in an analogous criminal context, that a crime is not committed until an accusatory instrument is filed.
*183 Judges Gabrielli, Jones and Wachtler concur with Judge Fuchsberg; Judge Cooke dissents and votes to affirm in a separate opinion in which Chief Judge Breitel and Judge Jasen concur.
Order reversed, with costs, and the petition dismissed.